IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZHIZHAN CHEN,<br>    a/k/a "John Chen"<br>    a/k/a "Tracy"<br><br>*Defendant.* | Case No. 1:23-cr-144-RDA |

FILED IN OPEN COURT
SEP 11 2023
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

The United States and the defendant, ZHIZHAN CHEN a/k/a "JOHN CHEN' a/k/a "TRACY" agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. At all times relevant to this Indictment:

    a. A.F. was an identity theft victim who maintained a checking account at Bank-1;

    b. Bank-1 was a financial institution based in Portland, Oregon. Bank-1 operated branches throughout the United States. Bank-1 allowed customers to access their bank accounts with debit cards;

    c. Each debit card had a 16-digit number and a three-digit security code. The debit card number and security code allowed users to use their bank account without having the physical debit card;

    d. The debit card number was a number or other means of account access that could be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that could be used to

initiate a transfer of funds. As such, the debit cards and their debit card number were access devices as defined by Title 18, United States Code, Section 1029(e)(1).

2. From at least on or about August 14, 2020 to at least on or about July 21, 2021, in the Eastern District of Virginia and elsewhere, defendant did unlawfully, knowingly, and intentionally, combine, conspire, confederate and agree with Qinbin Chen a/k/a "Ben Chen" to commit the following offenses against the United States:

 a. to knowingly transfer, possess, or use, without lawful authority, the means of identification—namely, names, debit card numbers, and addresses—of another person knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law—namely, access device fraud all in violation of Title 18, United States Code, Section 1028(a)(7); and

 b. to knowingly and with intent to defraud use or traffic in unauthorized access devices—namely, debit card numbers—and by such conduct obtain goods in an amount equal to or greater than $1,000 all in violation of Title 18, United States Code, Section 1029(a)(2).

3. Beginning no later than August 14, 2020, the defendant began communicating with Qinbin Chen via a messaging application known as WeChat.

4. On WeChat, the defendant sent Qinbin Chen information associated with various debit cards belonging to identity theft victims. This information included the victim's name, physical address, email address, debit card number, CVV, and expiration date.

5. On August 14, 2020, the defendant notified Qinbin Chen that the defendant had obtained access devices by "hacking." The defendant indicated these access devices came from Walmart.

6. Later that day, the defendant asked Qinbin Chen to recruit others to use the access devices at Walmart in order to steal the value on the access devices.

7. The defendant knew that Qinbin Chen would use this information to defraud the victims by using their money to make personal purchases.

8. For instance, on July 24, 2021, the defendant sent to Qinbin Chen identity theft victim A.F.'s name, address, and debit card number, along with that debit card number's CVV and expiration date.

9. The defendant sent this information to Qinbin Chen knowing that he would use it to defraud A.F. by making personal purchases. By doing so, the defendant intended to aid and assist Qinbin Chen's fraud.

10. Later that day, Qinbin Chen attempted to use that A.F.'s information to make a purchase.

11. Over the course of their conspiracy, the defendant provided Qinbin Chen with at least five access devices with the intent to obtain goods of at least $1,000 in a one-year period.

12. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 9/11/2023      By: _____
Christopher J. Hood
Kenneth R. Simon, Jr.
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ZHIZHAN CHEN, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ZHIZHAN CHEN


I am defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Chase Mallory
Gretchen Taylor Pousson
Attorney for ZHIZHAN CHEN