IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 1:23-cr-144-RDA |
| | ) |
| ZHIZHAN CHEN, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' POSITION ON SENTENCING

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Kenneth R. Simon, Jr. and Christopher J. Hood, Assistant United States Attorneys, hereby submits its position with respect to the sentencing of defendant Zhizhan Chen ("Chen").

Chen, now 26 years old, made the decision to engage in criminal activity while studying computer science at the University of Arkansas. In doing so, he fraudulently obtained the identification and debit card information of A.F. to allow now-convicted fraudster Qinbin Chen to purchase a set of tires. His conduct, albeit limited in time and scope, warranted federal prosecution. Nevertheless, given all the circumstances, including those set forth in the sealed motion (ECF No. 16), the United States respectfully asks this Court to impose a probationary sentence of three years as authorized under 18 U.S.C. § 3561. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553.

The United States concurs with the Probation Officer's determination that the defendant has a total offense level of 8, a criminal history category of I, and an applicable guideline range of 0-6 months' imprisonment.

## I. BACKGROUND

At all times relevant to this Indictment: (1) A.F. was an identity theft victim who maintained a checking account at Bank-1; (2) Bank-1 was a financial institution based in Portland, Oregon. Bank-1 operated branches throughout the United States. Bank-1 allowed customers to access their bank accounts with debit cards; (3) Each debit card had a 16-digit number and a three-digit security code. The debit card number and security code allowed users to use their bank account without having the physical debit card; and (4) The debit card number was a number or other means of account access that could be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that could be used to initiate a transfer of funds.  Presentence Investigation Report ("PSR"), ECF No. 14, ¶ 12.  As such, the debit cards and their debit card number were access devices as defined by Title 18, United States Code, Section 1029(e)(1).  *Id.*

From at least on or about August 14, 2020, to at least on or about July 21, 2021, in the Eastern District of Virginia and elsewhere, defendant conspired with Qinbin Chen a/k/a 'Ben Chen' to: (1) to knowingly transfer, possess, or use, without lawful authority, the means of identification - namely, names, debit card numbers, and addresses - of another person knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid or abet, and in connection with, access device fraud; and (2) to knowingly and with intent to defraud use or traffic in unauthorized access devices - namely, debit card numbers - and by such conduct obtain goods in an amount equal to or greater than $1,000.  PSR ¶ 13.

Beginning no later than August 14, 2020, the defendant began communicating with Qinbin Chen via a messaging application known as WeChat. PSR ¶ 14. On WeChat, the defendant sent Qinbin Chen information associated with various debit cards belonging to identity theft victims. This information included the victim's name, physical address, email address, debit card number, CVV, and expiration date. PSR ¶ 15. On August 14, 2020, the defendant notified Qinbin Chen that the defendant had obtained access devices by 'hacking.' PSR ¶ 16. The defendant indicated these access devices came from Walmart. Later that day, the defendant asked Qinbin Chen to recruit others to use the access devices at Walmart to steal the value on the access devices. PSR ¶ 17. The defendant knew that Qinbin Chen would use this information to defraud the victims by using their money to make personal purchases. PSR ¶ 18. For instance, on July 24, 2021, the defendant sent to Qinbin Chen identity theft victim A.F.'s name, address, and debit card number, along with that debit card number's CVV and expiration date. PSR ¶ 19. The defendant sent this information to Qinbin Chen knowing that he would use it to defraud A.F. by making personal purchases. PSR ¶ 20. By doing so, the defendant intended to aid and assist Qinbin Chen's fraud. Later that day, Qinbin Chen attempted to use that A.F.'s information to make a purchase. PSR ¶ 21. Over the course of their conspiracy, the defendant provided Qinbin Chen with at least five access devices with the intent to obtain goods of at least $1,000 in a one-year period. PSR ¶ 22.

On September 11, 2023, the defendant was charged in a one-count criminal information with Conspiracy to Commit Access Device Fraud and Identity Theft, in violation of 18 U.S.C. § 371 . PSR ¶ 1. The defendant pleaded guilty on the same day. *Id.*

II.     POSITION ON SENTENCING

Federal courts imposing sentence are called upon to engage in a multi-step process, analyzing both the procedural and substantive contours of sentencing. The first step in the process—the procedural concerns—requires that a district court correctly "calculate[] the

3

defendant's advisory Guidelines range, consider[] the 18 U.S.C. § 3553(a) factors, analyze[] the arguments presented by the parties, and sufficiently explain[] the selected sentence." *See United States v. Hames*, 757 F. App'x 244, 245 (4th Cir. 2018) (citing United *States v. Lynn*, 592 F.3d 572, 575–76 (4th Cir. 2010)).

"Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (*quoting United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006)).  Specifically, Section 3553(a)(1) directs sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" that section.  These include: (1) the nature and circumstances of the offense, as well as the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(D).  In weighing these factors, the court is directed to consider the kinds of sentences available, pertinent policy statements, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(3)-(6).

A consideration of each of these factors warrants a sentence of three years' probation.

A. *Nature, Circumstances, and Seriousness of Offense*

The defendant's actions in this case constitute a disregard for the well-being of others. The financial and general vulnerability that stems from the theft of an individual's identity in such a brazen manner is meaningful.  There is little doubt that A.F.'s life changed after this event. Even

when victims of card fraud and identity theft suffer no pecuniary loss, they experience the stress of dealing with law enforcement and the courts, swearing out fraud affidavits, damaged credit scores, canceling accounts and cards, and sometimes even thoroughly auditing their own finances. Even after all that is finished, many live on for years with uncertainty and worry, unsure of how their card number was stolen and not knowing whether they will be targeted again.

The offense is even more disturbing because the defendant was clearly on his way to a well-paid career as a computer scientist when he decided to engage in the scheme in this case. In other words, the defendant placed A.F. in such a position for no other reason than that he had the know-how and a willingness to engage in criminal conduct. A federal felony conviction in this case was warranted. Nevertheless, the United States does believe that a sentence of three years of probation is appropriate.

B.   *History and Characteristics of the Defendant*

To his credit, the defendant, a 26-year old man, has no criminal history, is fluent in both Chinese and English as a recent immigrant to the country, and is gainfully employed as a software developer. PSR ¶¶ 50, 58, 59. Notwithstanding this serious felony conviction, the defendant has largely lived the proverbial "American dream."

The defendant was reared in a small rural area of Fujian, China, with an intact family. PSR ¶ 50. The defendant reported that he had an "ordinary" childhood and attended school in China until the sixth grade. *Id.* The defendant's father immigrated to the United States in 2001 when the defendant was five years old. *Id.* The defendant's father was able to sponsor the rest of the family and in 2010, the defendant, his mother, and brother immigrated to the United States. *Id.* The family settled in Arkansas, where the defendant's father was already settled. *Id.* According to immigration records, the defendant is a naturalized United States citizen. He obtained his

5

citizenship (certificate number 37458534) on June 26, 2015. *Id*. After arriving in the United States, the defendant enrolled in the eighth grade, and he completed high school with a 3.0 grade point average. *Id*. He then went on to college and graduated from college in 2019 with a degree in computer science. *Id*. The defendant was employed by JP Morgan in Westerville, Ohio, since April 17, 2023. PSR ¶ 59. He was employed as a software developer and earned $105,000 per year. *Id*. He is currently on unpaid leave for twelve weeks because of the instant offense. *Id*.

When considering the defendant's history and characteristics, three years of probation is sufficient but not greater than necessary.

  C. *A Sentence of Probation Serves the Factors of § 3553*

  1. Seriousness of the Offense; Provide Adequate Punishment

The defendant's offense is serious. And a felony conviction coupled with a probationary sentence for his first ever criminal offense reflects both the seriousness of the offense and need to provide adequate punishment. Importantly, the defendant faces serious repercussions if he does not abide by the terms of his probation.

  2. Need to Deter Future Criminal Conduct

A three-year probationary sentence appropriately accounts for the need to deter both the defendant and others first-time offenders who consider engaging in such conduct. Although the

defendant's conviction is likely to render him unable to hold certain sensitive positions, there remains a need to ensure that he does not again seek to violate federal laws to enrich himself.

3. <u>Need to Avoid Unwarranted Disparities</u>

A probationary sentence will not result in an unwarranted disparity between the defendant and others, particularly individuals sentenced in connection with this scheme. The defendant's, by comparison, de-minimis role warrants a probationary sentence.

### III. CONCLUSION

For the reasons stated above, the United States submits that a sentence of three years' probation is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____/s/_____
Kenneth R. Simon, Jr.
Virginia State Bar No. 87998
Christopher J. Hood
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700
Email: Kenneth.Simon2@usdoj.gov